2022CV00089

e-Filed 1/12/2022 10:51 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 • FACSIMILE: (770) 472-8159

MACKENZIE YOUNG

Plaintiff

Vs.

BARLOW TRUCK LINES, INC., GEORGE HESS, AND

CHEROKEE INSURANCE COMPANY

Defendant

2022CV00089

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S): *George Hess*
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

CLYDE E. RICKARD, LAW OFFICE OF RICKARD, DREW & NIX
229 PEACHTREE ST NE STE 2420
ATLANTA, GA 30303

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Latasha Currie

By:_____
Deputy Clerk



EXHIBIT
D-1

2022CV00089

e-Filed 1/12/2022 10:51 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

MACKENZIE YOUNG,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )        CIVIL ACTION
                                    )        FILE NO. _____
                                    )                  2022CV00089
BARLOW TRUCK LINES, INC.,           )
GEORGE E. HESS, and                 )
CHEROKEE INSURANCE COMPANY          )
                                    )
          Defendants.               )
_____ )

## C O M P L A I N T

**COMES NOW** Plaintiff herein and file this Complaint for money damages as follows:

1.

Defendant Barlow Truck Lines, Inc., is a corporation qualified to do business in Missouri, who does not have a registered agent in the State of Georgia, whose registered agent, James R. Lindsay can be served via second original at 1305 Grand DD S.E., Faucett, MO 64448, and is therefore subject to the jurisdiction and venue of this Court therefore subject to the jurisdiction of this Court and has been served personally and/or through the Secretary of State under the auspices of the Non-Resident motorist statute.

2.

Defendant George Hess resides out of state at 3405 W. Farm Road 148, Springfield, Missouri 65807, and is therefore subject to the jurisdiction of this Court and has been served personally and/or through the Secretary of State under the auspices of the Non-Resident motorist statute.

2022CV00089

3.

Defendant Cherokee Insurance Company is a foreign corporation, existing under the law s of the State of Michigan with its principal place of business in the state of Michigan, and is authorized to transact business in the State of Georgia, and may be served by serving a copy of the summons and complaint on its registered agent in Fulton County, Doug Bennett, 1355 Peachtree Street, NW, Suite 300, Atlanta, Georgia 30309 and is subject to the jurisdiction of this Court.

4.

Defendant Cherokee Insurance Company is subject to the jurisdiction and venue of this Court pursuant to OCGA §46-7-12.

5.

On or about October 22, 2019, on a public roadway known as Riverdale Drive at its intersection with Embassy Drive, Plaintiff Mackenzie Young was driving a 2001 Chevrolet in a safe and prudent manner.

6.

On or about said date, at approximately 7:11 a.m., the vehicle in which the Plaintiff was driving was impacted by a tractor-trailer being driven by Defendant Hess and owned by Defendant Barlow Truck Lines, Inc.

7.

Defendant Hess was at all times material hereto an agent and employee of Defendant Barlow Truck Lines, Inc., and was acting in said capacity as an agent for and on behalf of said Defendant Barlow Truck Lines, Inc.

8.

By reason of the principal/agent relationship that existed between Defendant Hess and Defendant Barlow Truck Lines, Inc., at said time and place, any negligence on the

2022CV00089

part of Defendant Hess in the operation of said motor vehicle is imputed to Defendant Barlow Truck Lines, Inc.

9.

Plaintiff shows that the aforesaid collision was proximately caused by negligence of Defendants and said acts of negligence of said individual include, but are not limited to, the following:

(a) Immediately prior to the aforesaid collision, Defendant Hess failed to yield in violation of O.C.G.A. § 40-6-73 and is therefore guilty of negligence per se;

(b) Immediately prior to the aforesaid collision, Defendant Hess misjudged clearance;

(c) Immediately prior to the aforesaid collision, Defendant Hess failed to take evasive action;

(d) Immediately prior to the aforesaid collision, Defendant Hess failed to warn;

(e) Immediately prior to the aforesaid collision, Defendant Hess failed to keep a proper look-out; and

(f) Any and all acts of negligence which may be shown at trial due to Defendants having failed to exercise ordinary care under the circumstances as required by O.C.G.A. § 51-1-2.

10.

As a direct result of said negligence and gross negligence on the part of said Defendants, Plaintiff incurred damages of medical expenses, lost wages, and extensive physical pain and mental anguish.

11.

All of the injuries to Plaintiff as stated herein are due to the negligence and gross negligence of the Defendants, and said negligence is the sole, direct, and proximate cause of injuries to the Plaintiff, unmixed with any negligence on the part of the Plaintiff or on

2022CV00089

the part of any other person. Plaintiff has needed medical treatment due to these injuries and will continue to need treatment in the future. A partial list of that treatment is as follows:

**Medicals**

| | | |
|---|---|---|
| 1) Grady EMS | $ 1,856.25 |
| 2) Atlanta Medical Center South | $ 3,204.40 |
| 3) South Fulton Emergency Physicians | $ 935.00 |
| 4) Aventine Injury Center | $ 5,215.00 |
| 5) American Health Imaging | $ 4,600.00 |
| 6) Center for Pain Management | $ 10,614.52 |
| 7) Pavilion Spine Surgery Center | $ 25,860.00 |
| 8) Benchmark Physical Therapy | $ 8,671.25 |
| 9) Georgia Bone and Joint Surgeons | $152,874.00 |
| 10) Mountainside Anesthesia Consultants | $ 3,875.00 |
| 11) Future RFTCs | $ 16,689.00 |

**TOTAL MEDICALS** **$234,394.42+**

## COUNT TWO -- DIRECT ACTION

12.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

13.

Defendant Cherokee Insurance Company was the insurer of Defendant Barlow Truck Lines at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

14.

Defendant Cherokee Insurance Company is subject to a direct action as the insurer for Barlow Truck lines pursuant to O.C.G.A. § 40-2-140.

15.

Defendant Barlow Truck Lines and Defendant Cherokee Insurance Company are subject to the filing requirements in O.C.G.A. § 40-2-140.

– 4 –

2022CV00089

the part of any other person.  Plaintiff has needed medical treatment due to these injuries and will continue to need treatment in the future.  A partial list of that treatment is as follows:

Medicals
| | |
|---|---|
| 1) Grady EMS | $ 1,856.25 |
| 2) Atlanta Medical Center South | $ 3,204.40 |
| 3) South Fulton Emergency Physicians | $ 935.00 |
| 4) Aventine Injury Center | $ 5,215.00 |
| 5) American Health Imaging | $ 4,600.00 |
| 6) Center for Pain Management | $ 10,614.52 |
| 7) Pavilion Spine Surgery Center | $ 25,860.00 |
| 8) Benchmark Physical Therapy | $ 8,671.25 |
| 9) Georgia Bone and Joint Surgeons | $152,874.00 |
| 10) Mountainside Anesthesia Consultants | $ 3,875.00 |
| 11) Future RFTCs | $ 16,689.00 |
| **TOTAL MEDICALS** | **$234,394.42±** |

## COUNT TWO -- DIRECT ACTION

12.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

13.

Defendant Cherokee Insurance Company was the insurer of Defendant Barlow Truck Lines at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

14.

Defendant Cherokee Insurance Company is subject to a direct action as the insurer for Barlow Truck lines pursuant to O.C.G.A. § 40-2-140.

15.

Defendant Barlow Truck Lines and Defendant Cherokee Insurance Company are subject to the filing requirements in O.C.G.A. § 40-2-140.

– 4 –

2022CV00089

### 16.

Defendant Cherokee Insurance Company is responsible for any judgment rendered against Defendants for injuries to Plaintiff.

WHEREFORE, Plaintiff respectfully demands as follows:

(a)   Process issue and Defendants be served with process according to law;

(b)   That a judgment be entered for the Plaintiff and against the Defendants for special damages for past, present and future medical expenses and lost wages, as may be shown by the evidence at the time of trial;

(c)   That a judgment be entered for the Plaintiff and against the Defendants, for general damages for her past, present and future pain and suffering in an amount as may be determined by the enlightened conscience of the jury;

(d)   Plaintiff have and be awarded a trial by jury; and

(e)   Plaintiffs have such other and further relief as this court and jury may deem just and proper under the premises and circumstances.

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By:     /s/ Clyde Rickard
**CLYDE E. RICKARD**
State Bar No.  604625
**JESSICA C. NIX**
State Bar No. 940625
Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

2022CV00089

e-Filed 1/12/2022 10:51 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MACKENZIE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. ___2022CV00089___ |
| BARLOW TRUCK LINES, INC., | ) | |
| GEORGE E. HESS, and | ) | |
| CHEROKEE INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BARLOW TRUCK LINES, INC.

**COMES NOW** the Plaintiff and for purposes of discovery and all purposes authorized by law, require the Defendant, BARLOW TRUCK LINES, INC., to answer under oath the following Interrogatories within forty-five (45) days from the date of service hereof, as provided by law, and to serve a copy of said Answers on Plaintiff c/o The Law Office of Rickard, Drew & Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia, 30303.

NOTE A:      When used in these Interrogatories and Request to Produce, the word "you," or any synonym thereof, is intended to and shall embrace and include in addition to the defendant Barlow Truck Lines, Inc. named above, said Defendant's attorneys, agents, servants, employees, representatives, investigators, and all others who may have obtained information for or on behalf of said Defendant and over which information Defendant has control and access.

NOTE B:      These Interrogatories are to be regarded as continuing in nature and

- 1 -

Defendant is requested to seasonably supplement its responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony.  The Defendant is further requested to seasonably amend its responses if it obtains information upon the basis of which (a) it knows that the response was incorrect when made, or (b) it knows that the response is no longer true.

You are requested not to respond to any interrogatory by referring to the responses to other interrogatories or by adoption since each and every interrogatory is subject to being introduced into evidence, and therefore should for this purpose, complete in themselves.

In the event that any information, documents, or things requested herein are withheld under a claim of privilege, you are requested to provide the following information with respect to each:

(1) The type of information, document, or thing, its general subject matter, the place, and the appropriate date it was gathered, learned, and created;

(2) The name, address, phone number, and title of each person who prepared, created, learned and gathered the information, document or thing and the name, address, phone number, and title of each person who has received and examined the information, document, or thing or copy thereof; and

(3) A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just part of the information, document, or thing.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

(1)   "DOCUMENT" means each and every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including but by no means limited to, correspondence, memoranda, tapes, notes, publications, books, pamphlets, films, drawings, maps, reports, surveys, minutes of meetings, voice recordings, and/or their transcriptions or calculations.

(2)   "PERSON" means any natural person, corporation, partnership, proprietorship, organization, association, or collective group of persons.

(3)   "COLLISION" and "OCCURRENCE" refer to the instant incident which forms the basis of Plaintiff's Complaint.

(4)   "IDENTIFY" with respect to any and all "PERSONS(S)" or any reference to stating the "IDENTITY" of any "PERSON(S)" means supply the name, residence address, work address, residence telephone number, work telephone number, business name, employer of each and every such person, and a detailed description of each such persons connection with the instant incident.

(5)   "IDENTIFY" with respect to any "DOCUMENT(S)" or any reference to stating the "IDENTIFICATION" of any "DOCUMENT(S)" means to provide a detailed and specific description of said "DOCUMENT(S)," providing the title and date of such document, the name, address, and telephone number of the person(s) responsible for the preparation of said document, the name , address, and telephone number for the person(s) who have custody and/or control of such document(s), or duplicates or copies thereof.

- 3 -

1.

Please state your legal corporate name, full legal address, full business name, and the address of your principal place of business.

2.

If Vincent Hess or Barlow Truck Lines, Inc. are protected by liability insurance or any other insuring agreements or self insured provisions for any damages that they may be required to pay Plaintiff as a result of this action, please state the name and address of such insurance company or companies or self insuring entities, the limits of liability for such agreements or policy or policies, and the named insured in said policy or policies. For any self insuring agreements, please describe the key terms of this agreement, and what additional protection is afforded to each Defendant listed herein pursuant to said agreement.

3.

State your policy with respect to having drivers report their accidents and explain what they are supposed to do to help persons who have been injured, protecting the equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders, and all other required actions.

4.

Please state the name, last known address, and your means of ascertaining the present whereabouts, home phone number, office phone number, and address of employment for each and every person who may have or claims to have knowledge of the collision, its cause, or any events leading up to it, or of related events occurring thereafter, and the damages resulting from the collision.

- 4 -

5.

Were any tests, inspections or measurements made or taken with respect to the accident scene or any object involved? If so, state the subject of each test, inspection or measurement; the purpose of each such test, inspection or measurement, the name and address of the person who conducted each test, inspection or measurement; the date on which each test, inspection or measurement was performed; the findings and results of each test, inspection or measurement; and the name and address of the person now having custody of any written report concerning each test, inspection or measurement.

6.

Was any investigation conducted concerning the accident in question or any party or witness thereto, including surveillance of the Plaintiff? If so, state the name, address and occupation of the person who conducted each investigation; the name and address of the person who requested each investigation to be made; the date on which each investigation was conducted; the place where each investigation was performed; and the name and address of the person now having custody of each written report made concerning each investigation.

7.

With respect to the tractor being driven by George Hess on October 22, 2019, please provide who owned the tractor at the time of the collision; the date the tractor was acquired by that owner; whether acquired new or used and from whom was it acquired; to whom, if anyone, the tractor was leased at the time of the collision; your identification number or designation for the tractor; its make, model and year of manufacture and the gross weight of the tractor.

8.

With respect to each trailer pulled by the above-tractor on October 22, 2019, state who owned the trailer at the time of the collision; to whom, if anyone, the trailer was leased to at the time of the collision; your identification number or designation; the type, make, model, and year of manufacture; the size of the box or container; the gross weight of the trailer when loaded; and the weight of the trailer as loaded at the time of the collision.

9.

As to the driver of the tractor trailer being operated at the time of the collision, please state the driver's complete name, present home address; social security number; date of birth; driver's license number(s), the name(s) of the state(s) issuing said licenses(s), and describe said driver's mode of compensation with you (whether George Hess received a salary, was paid by miles traveled, or by percentage of the load he was carrying, etc.).

10.

Please explain the nature of the employment relationship between you and George Hess on the day of the collision (lease operator, company driver, temporary driver, owner-operator, etc.) And include the date your relationship began, date it terminated, and the person from your company involved in any such termination.

11.

Identify who appraised and repaired the truck and what repairs, if any, were performed and the cost and dates of said repairs for damages and defects resulting from the occurrence which is the basis for this lawsuit.

12.

In reference to the load being transported at the time of the occurrence, please identify where the load originated; the contents thereof; the weight of said load; the date and time of departure; date and time of destination; the date, time and place of arrival at each stop made (for fuel, food, rest or inspection) from the time of departure until the time of the collision on October 22, 2019; date and time of departure from each stop listed; amount of compensation to be paid to George Hess; amount of compensation actually paid to George Hess; name and address of person and entity who actually paid George Hess.

13.

Please identify the name, address, and phone number of the custodian of the following documents, records, or writings:

(a)  George Hess's application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21 or other similar state and federal regulations;

(b)  George Hess's complete personnel, employment and/or contractor's file, including, but not limited to, the results of any test administered to George Hess pursuant to the Federal Motor Carrier Safety regulations of the U.S. Department of Transportation, Part 391.31, 391.35, 291.41, and 391.43, or similar state and federal regulations pertaining to road tests, written exams, and medical exams;

(c)  George Hess's qualification file, including but not limited to the file required under the Federal Motor Carrier Safety Regulations of the U.S. Department

of Transportation, Part 391.51 or other similar state and federal regulations;

(d)     Inquiries and responses concerning George Hess made to various state vehicle agencies issuing his driver's license(s) and inquiries and responses to George Hess' prior employers, pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23 or other similar state and federal regulations;

(e)     Documents and records concerning annual review of George Hess's driving record and record of George Hess's driving violations made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Parts 391.25 and 391.27 or other similar state and federal regulations; and

(f)     Logs and records, commonly known as "driver's daily logs," "MC-139," "MC-a" or "driver's multi-day logs," concerning George Hess for the period commencing one (1) month prior to the collision described in the Complaint up to and including thirty (30) days after the date of the collision described in the Complaint (See Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 395 and other similar state and federal regulations).

14.

Please identify each person, firm, or entity that you contend caused or contributed to the collision which forms the subject of the present action, and state the facts upon which you base your contention.

15.

State whether you or anyone acting on your behalf obtained statements in any form from any person with knowledge of the incident complained of in the Complaint. If any statement in any form was obtained, state the name and address of the person by whom and to whom such statement was made; the date the statement was made; the form of the statement; and the names and addresses of all persons presently having custody of the statement.

16.

Please state whether you or persons subject to your control have any photographs, videotapes, or movies pertaining to the collision forming the subject matter of this litigation, the scene of the collision, or of the Plaintiff. If the answer is in the affirmative, please state the number of such photographs, videotapes, or movies and the subject of each; the date each was taken; then name and address of the individual who took same; and the custodian of each photograph, videotape, or movie.

17.

Please state whether the tractor-trailer involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records the information concerning the operation of the truck. If so, please state the name and address of the person having custody of the graphs, printouts, or other documentary evidence produced by said machine(s) concerning the trip.

18.

Were any tests (blood, urine) performed on George Hess by you or performed at your request during the period commencing 45 days prior to the collision through and

including 45 days after the collision? If so, please state the name, address and phone numbers of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests.

19.

At the time of the collision, did you have any policy or procedural manuals pertaining to the operation of a tractor-trailer? If so, please state in list form the written materials that were given each driver hired by Barlow Truck Lines, Inc. at the time that George Hess was hired, and at any time through and until October 22, 2019, and state in list form each and every written document that Barlow Truck Lines, Inc. required drivers to read that were hired at the time that George Hess was hired and who were hired at any time after that date through and until October 22, 2019.

20.

As of October 22, 2019, did Barlow Truck Lines, Inc. have a written maintenance schedule for his tractors and trailers? If so, state what the written maintenance schedule called for specifically and how often each item was to be inspected and/or replaced.

21.

As of October 22, 2019, did Barlow Truck Lines, Inc. have any mechanic in its employ that, as part of his job, had the responsibility to inspect Barlow Truck Lines, Inc. 's tractors and/or trailers? If so, state their name and last known address; the date they last inspected the tractor driven by George Hess on October 22, 2019; and the date they last inspected the trailer driven by George Hess on October 22, 2019.

22.

Does Barlow Truck Lines, Inc. have an accident review board and/or internal

organization/group that reviews collisions or alleged collisions concerning its drivers? If so, please identify the members of the board, indicate whether it investigated the subject collision and whether it came to any conclusions regarding the chargeability of the collision occurring October 22, 2019.

23.

At the time of the collision, did Barlow Truck Lines, Inc. have any policies and/or procedural manuals pertaining to the chargeability of accidents or any policies and/or procedural manuals pertaining to disciplinary procedures (*i.e. disciplinary guidelines, etc.*)? If so, please state in list form the written materials that were given each driver hired by Barlow Truck Lines, Inc. , at the time that George Hess was hired by Barlow Truck Lines, Inc. , and at any time through October 22, 2019.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law. The documents requested shall be produced within forty-five (45) days after service of this request at the offices of The Law Office of Rickard, Drew & Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, or you may comply with this request by mailing copies of the requested documents to Clyde E. Rickard at the aforementioned address. If you contend that any of the requested documents are privileged from discovery, please state how you contend that they are privileged.

The requested documents are:

- 11 -

1.

All documents referred to or necessary to support the answers to Interrogatories numbered 3, 5, 6, 7, 8, 11, 12, 13, 15, 16, 17, 18, 19, 20, 22 and 23.

2.

You are requested to produce to Plaintiff any documents received through third party requests or subpoenas in a timely manner (Plaintiff will pay the cost of copies if requested).

3.

Please produce Defendant Hess's entire employment file including but not limited to application, driving or other tests given, background check, interview documents, reprimands or discipline reports.

4.

Please produce any written training or operations materials/manuals given to Defendant Hess or other driver/employees of Barlow Truck Lines, Inc.

5.

Please produce any property damage estimates in your possession or those taken on your behalf.

6

Please produce any investigation files and/or warning notice regarding the October 22, 2019 wreck and George Hess.

7.

Please produce any Auto Accident Report completed in reference to the motor vehicle collision on October 22, 2019.

- 12 -

8.

Please produce any Auto Accident Prevention Report completed in reference to the motor vehicle collision on October 22, 2019.

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By:     /s/ *Clyde Rickard*
        **CLYDE E. RICKARD**
        State Bar No.  604625
        **JESSICA C. NIX**
        State Bar No. 940625
        Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

2022CV00089

e-Filed 1/12/2022 10:51 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MACKENZIE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. _2022CV00089_ |
| BARLOW TRUCK LINES, INC., | ) | |
| GEORGE E. HESS, and | ) | |
| CHEROKEE INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHEROKEE INSURANCE COMPANY

**COMES NOW** the Plaintiff and for purposes of discovery and all purposes authorized by law, require the Defendant, Cherokee Insurance Company., to answer under oath the following Interrogatories within forty-five (45) days from the date of service hereof, as provided by law, and to serve a copy of said Answers on Plaintiff c/o The Law Office of Rickard, Drew & Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia, 30303.

NOTE A:      When used in these Interrogatories and Request to Produce, the word "you," or any synonym thereof, is intended to and shall embrace and include in addition to the defendant XPO Logistics Freight, Inc. named above, said Defendant's attorneys, agents, servants, employees, representatives, investigators, and all others who may have obtained information for or on behalf of said Defendant and over which information Defendant has control and access.

NOTE B:      These Interrogatories are to be regarded as continuing in nature and

- 1 -

Defendant is requested to seasonably supplement its responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony.  The Defendant is further requested to seasonably amend its responses if it obtains information upon the basis of which (a) it knows that the response was incorrect when made, or (b) it knows that the response is no longer true.

You are requested not to respond to any interrogatory by referring to the responses to other interrogatories or by adoption since each and every interrogatory is subject to being introduced into evidence, and therefore should for this purpose, complete in themselves.

In the event that any information, documents, or things requested herein are withheld under a claim of privilege, you are requested to provide the following information with respect to each:

(1)   The type of information, document, or thing, its general subject matter, the place, and the appropriate date it was gathered, learned, and created;

(2)   The name, address, phone number, and title of each person who prepared, created, learned and gathered the information, document or thing and the name, address, phone number, and title of each person who has received and examined the information, document, or thing or copy thereof; and

(3)   A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just part of the information, document, or thing.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

(1)  "DOCUMENT" means each and every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including but by no means limited to, correspondence, memoranda, tapes, notes, publications, books, pamphlets, films, drawings, maps, reports, surveys, minutes of meetings, voice recordings, and/or their transcriptions or calculations.

(2)  "PERSON" means any natural person, corporation, partnership, proprietorship, organization, association, or collective group of persons.

(3)  "COLLISION" and "OCCURRENCE" refer to the instant incident which forms the basis of Plaintiff's Complaint.

(4)  "IDENTIFY" with respect to any and all "PERSONS(S)" or any reference to stating the "IDENTITY" of any "PERSON(S)" means supply the name, residence address, work address, residence telephone number, work telephone number, business name, employer of each and every such person, and a detailed description of each such persons connection with the instant incident.

(5)  "IDENTIFY" with respect to any "DOCUMENT(S)" or any reference to stating the "IDENTIFICATION" of any "DOCUMENT(S)" means to provide a detailed and specific description of said "DOCUMENT(S)," providing the title and date of such document, the name, address, and telephone number of the person(s) responsible for the preparation of said document, the name , address, and telephone number for the person(s) who have custody and/or control of such document(s), or duplicates or copies thereof.

- 3 -

1.

Please state your legal corporate name, full legal address, full business name, and the address of your principal place of business.

2.

If George Hess or Barlow Truck Lines, Inc. are protected by liability insurance or any other insuring agreements or self insured provisions for any damages that they may be required to pay Plaintiff as a result of this action, please state the name and address of such insurance company or companies or self insuring entities, the limits of liability for such agreements or policy or policies, and the named insured in said policy or policies.  For any self insuring agreements, please describe the key terms of this agreement, and what additional protection is afforded to each Defendant listed herein pursuant to said agreement.

3.

Were any tests, inspections or measurements made or taken with respect to the accident scene or any object involved? If so, state the subject of each test, inspection or measurement; the purpose of each such test, inspection or measurement, the name and address of the person who conducted each test, inspection or measurement; the date on which each test, inspection or measurement was performed; the findings and results of each test, inspection or measurement; and the name and address of the person now having custody of any written report concerning each test, inspection or measurement.

4.

Was any investigation conducted concerning the accident in question or any party or witness thereto, including surveillance of the Plaintiff? If so, state the name, address and occupation of the person who conducted each investigation; the name and address of

the person who requested each investigation to be made; the date on which each investigation was conducted; the place where each investigation was performed; and the name and address of the person now having custody of each written report made concerning each investigation.

5.

Please identify each person, firm, or entity that you contend caused or contributed to the collision which forms the subject of the present action, and state the facts upon which you base your contention.

6.

State whether you or anyone acting on your behalf obtained statements in any form from any person with knowledge of the incident complained of in the Complaint. If any statement in any form was obtained, state the name and address of the person by whom and to whom such statement was made; the date the statement was made; the form of the statement; and the names and addresses of all persons presently having custody of the statement.

7.

Please state whether you or persons subject to your control have any photographs, videotapes, or movies pertaining to the collision forming the subject matter of this litigation, the scene of the collision, or of the Plaintiff. If the answer is in the affirmative, please state the number of such photographs, videotapes, or movies and the subject of each; the date each was taken; then name and address of the individual who took same; and the custodian of each photograph, videotape, or movie.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at the offices of The Law Office of Rickard, Drew & Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, or you may comply with this request by mailing copies of the requested documents to Clyde E. Rickard at the aforementioned address.  If you contend that any of the requested documents are privileged from discovery, please state how you contend that they are privileged.  The requested documents are:

1.

All documents referred to or necessary to support the answers to Interrogatories numbered 2-7.

2.

You are requested to produce to Plaintiff any documents received through third party requests or subpoenas in a timely manner (Plaintiff will pay the cost of copies if requested).

3.

Please produce any property damage estimates or photographs in your possession or those taken on your behalf.

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By:     /s/ *Clyde Rickard*
        **CLYDE E. RICKARD**
        State Bar No.  604625
        **JESSICA C. NIX**
        State Bar No. 940625
        Attorneys for Plaintiff

2022CV00089

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

2022CV00089

e-Filed 1/12/2022 10 51 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Curtie

## IN THE STATE COURT OF CLAYTON COUNTY

### STATE OF GEORGIA

MACKENZIE YOUNG,                          )
                                          )
      Plaintiff,                         )
                                          )
v.                                        )   CIVIL ACTION
                                          )       2022CV00089
                                          )   FILE NO. _____
BARLOW TRUCK LINES, INC.,                 )
GEORGE E. HESS, and                       )
CHEROKEE INSURANCE COMPANY                )
                                          )
      Defendants.                        )
                                          )

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GEORGE HESS

**COME NOW** the Plaintiffs and for purposes of discovery and all purposes authorized by law, require the Defendant, George Hess, to answer under oath the following Interrogatories within forty-five (45) days from the date of service hereof, as provided by law, and to serve a copy of said Answers on Plaintiff, c/o The Law Office of Rickard, Drew & Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303.

    NOTE A: When used in these Interrogatories and Request to Produce, the word "you," or any synonym thereof, is intended to and shall embrace and include in addition to the Defendant named above, said Defendant's attorneys, agents, servants, employees, representatives, investigators, and all others who may have obtained information for or on behalf of said Defendant and over which information Defendant has control and access.

    NOTE B: Pursuant to Georgia Civil Practice Act, these Interrogatories are to be regarded as continuing in nature and Defendant is requested to seasonably supplement the responses with respect to any question directly addressed to (a) the

2022CV00089

identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter of which is expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony. The Defendant is further requested to seasonably amend his responses if he obtains information upon the basis of which (a) he knows that the response was incorrect when made, or (b) he knows that the response is no longer true.

1.

Please state your address, telephone number, date of birth, social security number, license number, and the name of your spouse and children.

2.

Please list every other address you have resided at in the past ten (10) years, specifying how long you have resided at each address.

3.

Please state the name, address, and telephone number of all persons who have any knowledge whatsoever of the collision which is the subject matter of the Complaint heretofore filed who are known to you or your attorneys or representatives, specifically identifying those who are eyewitnesses.

4.

Is Defendant protected by liability insurance or any other insuring agreements for any damages that they may be required to pay Plaintiff as a result of this action? If so, please state the name and address of such insurance company or companies, the limits of liability of the policy or policies, the named insurance company and the limits of liability of the policy or policies, and the named insured in said policy or policies.

2

2022CV00089

For any insuring agreements, please describe the key terms of this agreement, and what additional protection is afforded to Defendant pursuant to said agreement.

5.

Did you reside with any relatives when the collision occurred that is the subject of this lawsuit?

(a)    If so, did the relative own a motor vehicle(s) at the time of the collision that is the subject of this lawsuit?

(b)    If so, was there a policy of insurance, containing liability coverage, insuring this/these vehicle(s) at the time of the collision that is the subject of this lawsuit?

6.

Is there a punitive damage exclusion in the insurance policy or policies applicable to the subject collision?

7.

Has Defendant or anyone acting on his behalf obtained from any witness or person any reports, statements, recordings, or testimony concerning the facts of this cause of action?  If so, as to each such person, please state the following:

a)    Name and address of the witness or person referred to;

b)    Date of taking or making of same;

c)    The name and address of the person taking the same; and

d)    The name and address of the person or persons presently in possession of same.

3

8.

Are you or any of your agents currently in possession of maps, plans, drawings, or photographs relating to the collision complained of whether they were in existence prior to or made subsequent to the happening complained of, showing the location or surrounding area of the site of the collision?  If so, please describe same and give the name and address of each and every person having custody of the thing described or a copy thereof.

9.

Do you contend that Plaintiff contributed in any manner concerning the cause of the collision involved in this action?

If your answer is "yes," please state with particularity each and every act or omission of Plaintiffs which you contend constituted a contributing cause on the part of Plaintiffs and give a detailed statement of the facts which you contend support each allegation of negligence.  *See* Carver v. Tift County Hospital Authority, 268 Ga. App. 153 (2004); Exum v. Melton, 244 Ga. App. 775 (2000).

10.

Please state whether or not you received a ticket, citation or any summons of a criminal nature whatsoever as a result of the incident complained of by Plaintiffs in this case.  If so, please state the nature and disposition of the same and the Court involved.  Further, state to what, if any, charges you pled guilty.

11.

Please give the names and addresses of any expert witness you may call in this action and as to each such expert witness, please state:

a)      The subject matter on which the expert is expected to testify;

4

2022CV00089

b)    The substance of facts and opinions to which the expert is expected to testify;

c)    A summary of the grounds for each opinion of such expert; and

d)    Whether they have supplied you with a written opinion.

### 12.

Does the Defendant claim that the actions of any other person, firm, corporation, association, or other entity other than the Plaintiffs and Defendant caused or contributed to this action or has a real or potential interest in this lawsuit in any way? If your answer is "yes," please explain.

### 13.

Were you injured in the collision complained of in this action? If so, please state the nature and extent of the injuries sustained and the name and address of any medical personnel and institutions treating you.

### 14.

Have you ever had a license to operate a motor vehicle suspended or revoked? If so, list separately:

a)    When and where it was suspended or revoked;

b)    The period of suspension or revocation; and

c)    The reason for such suspension or revocation.

### 15.

In the five (5) years preceding this collision or the years subsequent to this collision, have you been involved in any collision involving motor vehicles? If so, please give a brief description of said collision and state the date, time, and location of the collision and the names and addresses of the parties involved.

5

16.

Have you ever been a party to any lawsuit whether civil or criminal other than the present one?  If so, please identify each action by stating when, where, the nature of the action, the disposition of the case, and the name of the attorney who represented you.

17.

Please state whether you have ever been convicted of a crime.  If so, please state the nature of said conviction and the date and place thereof.

18.

After the subject collision, did anyone make any statement concerning the event?  If so, please state:

   a)   By whom each statement was made;

   b)   To whom each statement was made; and

   c)   The content of the statement.

19.

At the time of the collision did you own a pair of eyeglasses or other corrective lenses?  If so, were you wearing them at the time?  If you were not, explain why not.

20.

Has anyone on your behalf made an inspection or appraisal of the Plaintiff's vehicle?  If so, please state all facts pertaining to same and attach any relevant estimates, appraisals or other relevant documents.

21.

Have you ever had any medical or any other impairment with respect to your eyesight, hearing, emotional stability for any drinking problems, drug problems, or

2:22CV00359

differences prior to or subsequent to this lawsuit?  Please list the name and address, phone numbers of all persons who have treated you for such problems.

22.

If you had consumed any alcoholic beverages within the forty-eight (48) hours preceding the collision, please state the following:

a)      The location(s);

b)      An exact description of the amount and type of alcohol;

c)      The exact date(s) and time(s) consumption took place; and

d)      Any witnesses to any consumption within this said forty-eight (48) hours.

23.

State specifically the name and address of your current employer and any additional employers for whom you have worked in the past five (5) years, giving as to each, the dates of employment, the nature of your work, reason for leaving, and the average rate of pay received on a weekly, monthly, and yearly basis.

24.

With reference to the trip you were taking at the time of the incident which is the subject of this lawsuit, please state:

a)      Where the trip began;

b)      The location of any stops made prior to the collision;

c)      The reason for that trip.

25.

Please state if, at the time of the incident, you were performing any duty or task for your employer or under anyone's supervision at the time of the incident that is the subject of the lawsuit.  If you were in the scope of your employment at the time of the

7

2022CV00089

incident, please describe in detail the duties and responsibilities you had with reference to your employment at that time.

26.

With respect to the vehicle you drove at the time of the incident in this lawsuit, please state;

   a)    The name and address of the owner of said vehicle;

   b)    The make and model of said vehicle;

   c)    The current owner and location of said vehicle;

   d)    Whether you were driving said vehicle at the time of the collision;

   e)    If you rented the vehicle, did you purchase any insurance?

   f)    Was the vehicle damaged in the collision?   If so, was it totaled or repaired?   Also please provide the totaled value or total amount of repairs?

27.

Please state whether you have any additional liability insurance policies that would provide you with additional coverage for the damages that are the subject of the lawsuit.   If so, please state the name and address of the insurance company, the policy number and the liability limits of this insurance policy or policies.

28.

Please state with reasonable particularity each and every traffic violation, misdemeanor, and felony with which you have been charged/given a citation within the last ten (10) years.   For each please state the following:

   a)    The exact charge/citation;

   b)    The date of arrest/ticket;

8

c)      If a guilty plea was entered and/or the disposition of the charge/citation;

d)      The date of disposition of the charge/citation; and

e)      The Court of disposition.

29.

With respect to <u>all</u> previous DUI convictions, please provide the County in which the disposition of the case took place, the plea that you entered, the sentence that was rendered, and the exact test results from any and all blood/breath tests that were administered to you at the time of your arrest.

30.

If you allege any defense to this action based on jurisdiction, venue, or service of process, as to each such defense, please state:

a)      All facts upon which you rely in asserting such defense;

b)      The names and addresses of all persons having knowledge of the facts stated in (a) above;

c)      A complete description of all documents in your possession which support the assertions of the said defense;

d)      The names and addresses of all persons having custody and/or control of the documents described in (c) above; and

e)      Please provide the full and complete permanent residence and business address of the Defendant.

9

2022CV00089

c)      If a guilty plea was entered and/or the disposition of the charge/citation;

d)      The date of disposition of the charge/citation; and

e)      The Court of disposition.

29.

With respect to <u>all</u> previous DUI convictions, please provide the County in which the disposition of the case took place, the plea that you entered, the sentence that was rendered, and the exact test results from any and all blood/breath tests that were administered to you at the time of your arrest.

30.

If you allege any defense to this action based on jurisdiction, venue, or service of process, as to each such defense, please state:

a)      All facts upon which you rely in asserting such defense;

b)      The names and addresses of all persons having knowledge of the facts stated in (a) above;

c)      A complete description of all documents in your possession which support the assertions of the said defense;

d)      The names and addresses of all persons having custody and/or control of the documents described in (c) above; and

e)      Please provide the full and complete permanent residence and business address of the Defendant.

9

2022CV00089

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at the offices of The Law Office of Rickard, Drew & Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, or you may comply with this request by mailing copies of the requested documents to Clyde E. Rickard at the aforementioned address.   If you contend that any of the requested documents are privileged from discovery, please state how you contend that they are privileged.  The requested documents are all documents referred to or necessary to support the answers to Interrogatories numbered 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29 and 30.  You are also requested to produce to Plaintiffs any documents received through third party requests or subpoenas in a timely manner (Plaintiffs will pay the cost of copies if requested).

                        **THE LAW OFFICE OF RICKARD, DREW & NIX**

By:    */s/ Clyde Rickard*
           **CLYDE E. RICKARD**
           State Bar No.  604625
           **JESSICA C. NIX**
           State Bar No. 940625
           Attorneys for Plaintiff

229 Peachtree Street, N.E.
International Tower
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

10

e-Filed 1/27/2022 9:42 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MACKENZIE YOUNG,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)　　CIVIL ACTION FILE
v.　　　　　　　　　　　　　　　　)　　NO.: 2022CV00089
　　　　　　　　　　　　　　　　　)
BARLOW TRUCK LINES, INC., GEORGE E.　)
HESS, and CHEROKEE INSURANCE　　　)
COMPANY　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　)

## ANSWER AND CROSS-CLAIM OF
## MIC GENERAL INSURNACE COMPANY

**COMES NOW** MIC General Insurance Company, ("MIC") ostensibly served as the uninsured motorist carrier of the Plaintiff, which status it expressly denies, and files this, its Answer in response to the Plaintiff's Complaint, respectfully showing this Court the following facts:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state or set forth a claim against MIC for which the legal relief sought can be granted.

### SECOND DEFENSE

Plaintiff's failure to specifically plead items of special damages bars his recovery in this action.

### THIRD DEFENSE

Plaintiff can make no recovery from MIC until lawful service, venue, jurisdiction, and a valid judgment have been established against an "uninsured motorist."

### FOURTH DEFNSE

No damages can be recovered which were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

### FIFTH DEFENSE

MIC contends that the named Defendants in this case are neither uninsured nor underinsured as defined by Georgia Law.

### SIXTH DEFENSE

The payment of uninsured/underinsured benefits may be offset by Plaintiff's entitlement to worker's compensation benefits and/or medical payments benefits.

### SEVENTH DEFENSE

MIC shows that it has the right to elect whether to defend in its own name or in the name of the Defendants and reserves the right to make that election pending the entry of a Pre-Trial Order.

### EIGHTH DEFENSE

This Court lacks jurisdiction over MIC.

### NINTH DEFENSE

Venue is improper as to MIC.

### TWELFTH DEFENSE

Plaintiff's Complaint fails to name a proper and indispensable party.

### THIRTEENTH DEFENSE

Responding specifically to Plaintiff's Complaint, MIC responds as follows:

## FOURTEENTH DEFENSE

In the event Plaintiff is entitled to other uninsured or underinsured motorist insurance for which they paid premiums, or they are more closely identified with, that insurance is primary to any uninsured or underinsured motorist coverage claimed to exist under the policy allegedly issued by MIC. To the extent other available primary underinsured or uninsured motorist coverage exists, MIC would have no duty to provide underinsured or uninsured motorist benefits, to the extent it exists, until that coverage is exhausted, and only if it is proven that MIC provides either uninsured or underinsured motorist coverage to the Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's recovery may be barred to the extent that they have not complied with the requirements of O.C.G.A. § 33-7-11.

## SIXTEENTH DEFENSE

MIC asserts that Plaintiffs' Complaint improperly references the matter of insurance by naming Progressive Premier Insurance Company of Illinois as a Defendant and in multiple paragraphs contained therein. *State Farm Mut. Auto Ins. Co. v. Brown*, 114 Ga. App. 650, 152 S.E. 2d 641 (1966).

1.

Responding to Paragraph 1, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

2.

Responding to Paragraph 2, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

3.

Responding to Paragraph 3, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

4.

Responding to Paragraph 4, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

5.

Responding to Paragraph 5, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

6.

Responding to Paragraph 6, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

7.

Responding to Paragraph 7, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

8.

Responding to Paragraph 8, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

9.

Responding to Paragraph 9, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

10.

Responding to Paragraph 10, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

11.

Responding to Paragraph 11, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

12.

Responding to Paragraph 12, MIC restates all prior paragraphs.

13.

Responding to Paragraph 13, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

14.

Responding to Paragraph 14, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

15.

Responding to Paragraph 15, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

16.

Responding to Paragraph 16, MIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

Any allegation of the Plaintiff's Complaint for Damages not specifically responded to herein is hereby denied.

## CROSS-CLAIM

**COMES NOW** MIC and, pursuant to O.C.G.A. § 9-11-13(g), files this, its Cross-Claim against Defendants, and shows the Court as follows:

1.

MIC has been served as if it were a party MIC pursuant to O.C.G.A. § 33-7-11(d), the Georgia Uninsured Motorist Act.

2.

By serving MIC, Plaintiff is alleging that the MIC does not have sufficient liability insurance providing coverage for the claims made in this suit and that MIC is liable as the uninsured/underinsured motorist insurer.

3.

MIC shows that if it is found to be liable to make payment pursuant to the Georgia Uninsured Motorist Act, which liability is denied, then and in that event, MIC is entitled to recover over and against Defendant for all sums paid or payable up to its policy limit.

**WHEREFORE,** MIC prays as follows:

(a)     That the Complaint against it be dismissed and that it be discharged without any liability to the Plaintiff whatsoever;

(b)     That MIC has and recovers on its Cross-Claim against the Defendant;

(c)     That all costs of this action be cast against the Plaintiff; and

(d)     For such other and further relief as the Court deems just under the circumstances.

**THIS** 27th day of January 2022.

GOWER, WOOTEN & DARNEILLE, LLC

John E. Searcy, Jr.

OF COUNSEL:

Gower, Wooten & Darneille, LLC
4200 Northside Pkwy NW
Building 12
Atlanta, GA 30327
jsearcy@gwdlawfirm.com
(P) 404.662.2333

SHERIFF'S ENTRY OF SERVICE

2022CV00089
SC-85-2

CLYDE CASTLEBERR... Filed 2/2/2022 2:19 PM

Civil Action No. _2022CV00089_

Date Filed _1-12-22_

Greene County
Sheriff's Office

JAN 20 2022

RECEIVED
Civil Office

Georgia, _Clayton_

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Tiki Brown
Clerk of State Court
Clayton County Georgia
Janice Miller

Attorney's Address
RICKARD, DREW & NIX
229 Peachtree St. NE Ste 2420
Atlanta GA 30303

$35 #1294

Mackenzie Young

Plaintiff

VS.

Barlow Truck Lines, Inc., George
Hess, & Cherokee Insurance Co.

Defendant

Name and Address of Party to be Served.
George Hess
3405 W. Farm Road 148
Springfield, MO 65807

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☒ I have this day served the defendant _George Hess_ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____ , 20 _____ .

_____ 1332

DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK     CANARY-PLAINTIFF     PINK-DEFENDANT

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2022CV00089

Date Filed 1-12-22

Georgia, CLAYTON

| | |
|---|---|
| Superior Court | Magistrate Court |
| State Court ☒ | Probate Court |
| Juvenile Court | |

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Janice Mil...

Attorney's Address

RICKARD, Drew & Nix
229 Peachtree St NE Ste 2420
ATLANTA GA 30303

Name and Address of Party to be Served.

MIC General Insurance Corporation
c/o RA Corporation Service Company
2 Sun Court SUITE 400
Peachtree Corners, GA 30092

MacKenzie Yang
Plaintiff

VS.

BARLOW TRUCK Lines, George
Hess, & Cherokee Insurance Co.
Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☒ Served the defendant MIC General Insurance Corporation a corporation
by leaving a copy of the within action and summons with Alisha Smith
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 19 day of January, 20 22.

M. E. Diaz 50/763
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

2022CV00089

e-Filed 2/11/2022 3:26 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MACKENZIE YOUNG, §
§
    Plaintiff, §
§
    vs. § CIVIL ACTION
§
§ FILE NO.: 2022CV00089
BARLOW TRUCK LINES, INC., §
GEORGE E. HESS, and §
CHEROKEE INSURANE COMPANY, §
§
    Defendants. §

## <u>DEFENDANT BARLOW TRUCK LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT</u>

COMES NOW **BARLOW TRUCK LINES, INC.**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

{SECURE Firm/297/00086/PLEADING/03397060.DOCX }

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## SIXTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## EIGHTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## TENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of Defendants in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia law.

2022CV00089

## TWELFTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defense of improper venue.

## SIXTEENTH DEFENSE

As a Sixteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant denies the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant admits that Defendant George Hess resides out of state, but otherwise denies the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant denies as pled the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

2022CV00089

### 9.

This Defendant denies each and every allegation contained within Paragraph 9 of Plaintiff's Complaint, including subsections (a)-(f) therein.

### 10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

### 11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

## <u>COUNT TWO – DIRECT ACTION</u>

### 12.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 11 of Plaintiff's Complaint as if those responses were set forth herein.

### 13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant can neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

## SEVENTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **BARLOW TRUCK LINES, INC.** prays that it be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 11th day of February, 2022.

                          **CRUSER, MITCHELL, NOVITZ,**
                          **SANCHEZ, GASTON & ZIMET, LLP**


                          **JASON G. WYRICK**
                          Georgia Bar No. 143112
                          **EMMALINE E. WILDER**
                          Georgia Bar No. 965299
                          **J. ROBB CRUSER**
Meridian II, Suite 2000   Georgia Bar No. 199480
275 Scientific Drive      *Attorneys for Purported Defendants*
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

2022CV00089

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MACKENZIE YOUNG, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO.: 2022CV00089** |
| **BARLOW TRUCK LINES, INC.,** | § | |
| **GEORGE E. HESS, and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT BARLOW TRUCK LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record, served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record, or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Clyde E. Rickard, Esq.
Jessica C. Nix, Esq.
The Law Office of Rickard, Drew & Nix
229 Peachtree Street, N.E., Suite 2420
Atlanta, GA  30303
*Counsel for Plaintiff*

John E. Searcy, Jr., Esq.
Gower, Wooten & Darneille, LLC
4200 Northside Pkwy. NW, Bldg. 12
Atlanta, GA  30327
jsearcy@gwdlawfirm.com
*Counsel for MIC General Insurance Company*

This 11th day of February, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622

{SECURE Firm/297/00086/PLEADING/03397060.DOCX }

2022CV00089

(404) 881-2630 (Fax)                                    *Attorneys for Purported Defendants*
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

*Tiki Brown*

Tiki Brow
Clerk of State Co
Clayton County, Geor
Latasha Cur

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MACKENZIE YOUNG, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2022CV00089** |
| **BARLOW TRUCK LINES, INC.,** | § | |
| **GEORGE E. HESS, and** | § | |
| **CHEROKEE INSURANE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT GEORGE E. HESS'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **GEORGE E. HESS**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## SIXTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## EIGHTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## TENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of Defendants in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia law.

## TWELFTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defense of improper venue.

## SIXTEENTH DEFENSE

As a Sixteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits that Defendant George Hess resides out of state, but otherwise denies the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies as pled the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies each and every allegation contained within Paragraph 9 of Plaintiff's Complaint, including subsections (a)-(f) therein.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

**COUNT TWO – DIRECT ACTION**

12.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 11 of Plaintiff's Complaint as if those responses were set forth herein.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant can neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's

Complaint.

17.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore"

paragraph of Plaintiff's Complaint.

**SEVENTEENTH DEFENSE**

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not

previously responded to.

WHEREFORE, having fully answered, Defendant GEORGE E. HESS prays that he be

discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 11th day of February, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MACKENZIE YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO.: 2022CV00089** |
| BARLOW TRUCK LINES, INC., | § | |
| GEORGE E. HESS, and CHEROKEE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT GEORGE E. HESS' ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record, served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record, or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Clyde E. Rickard, Esq.
Jessica C. Nix, Esq.
The Law Office of Rickard, Drew & Nix
229 Peachtree Street, N.E., Suite 2420
Atlanta, GA  30303
*Counsel for Plaintiff*

John E. Searcy, Jr., Esq.
Gower, Wooten & Darneille, LLC
4200 Northside Pkwy. NW, Bldg. 12
Atlanta, GA  30327
jsearcy@gwdlawfirm.com
*Counsel for MIC General Insurance Company*

This 11ᵗʰ day of February, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00086/PLEADING/03401226.DOCX }

2022CV00089

*Tiki Brown*

**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Latasha Curry

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MACKENZIE YOUNG,                            §
                                           §
    **Plaintiff,**                          §
                                           §        **CIVIL ACTION**
**vs.**                                    §
                                           §        **FILE NO.: 2022CV00089**
**BARLOW TRUCK LINES, INC.,**              §
**GEORGE E. HESS, and**                    §
**CHEROKEE INSURANCE COMPANY,**            §
                                           §
    **Defendants.**                        §

## DEFENDANT CHEROKEE INSURANCE COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL
## APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **CHEROKEE INSURANCE COMPANY**, a purported Defendant

("Defendant") in the above-styled civil action, appearing specially and without waiving, but

specifically reserving all defenses arising from jurisdiction, service and process, and files this

Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint

("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## SIXTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## EIGHTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## TENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of Defendants in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia law.

## TWELFTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defense of improper venue.

## SIXTEENTH DEFENSE

As a Sixteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant denies as pled the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies each and every allegation contained within Paragraph 9 of Plaintiff's Complaint, including subsections (a)-(f) therein.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

## COUNT TWO – DIRECT ACTION

12.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 11 of Plaintiff's Complaint as if those responses were set forth herein.

13.

This Defendant admits that it issued a policy of liability insurance to Defendant Barlow Trucking Lines, Inc.  This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant can neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

## SEVENTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **CHEROKEE INSURANCE COMPANY** prays that it be discharged without costs.

### A TRIAL BY JURY OF TWELVE IS DEMANDED.

This 11th day of February, 2022.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

MACKENZIE YOUNG,                          §
                                          §
          Plaintiff,                      §
                                          §      CIVIL ACTION
vs.                                       §
                                          §      FILE NO.: 2022CV00089
BARLOW TRUCK LINES, INC.,                 §
GEORGE E. HESS, and CHEROKEE              §
INSURANCE COMPANY,                        §
                                          §
          Defendants.                     §

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record, served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record, or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Clyde E. Rickard, Esq.                    John E. Searcy, Jr., Esq.
Jessica C. Nix, Esq.                      Gower, Wooten & Darneille, LLC
The Law Office of Rickard, Drew & Nix     4200 Northside Pkwy. NW, Bldg. 12
229 Peachtree Street, N.E., Suite 2420    Atlanta, GA 30327
Atlanta, GA 30303                         jsearcy@gwdlawfirm.com
*Counsel for Plaintiff*                   *Counsel for MIC General Insurance Company*

This 11th day of February, 2022.

                                          **CRUSER, MITCHELL, NOVITZ,**
                                          **SANCHEZ, GASTON & ZIMET, LLP**

                                          **JASON G. WYRICK**
                                          Georgia Bar No. 143112
Meridian II, Suite 2000                   **EMMALINE E. WILDER**
275 Scientific Drive                      Georgia Bar No. 965299
Peachtree Corners, GA 30092               **J. ROBB CRUSER**
(404) 881-2622                            Georgia Bar No. 199480
(404) 881-2630 (Fax)                      *Attorneys for Purported Defendants*

*Tiki Brow*
Tiki Brow
Clerk of State Co
Clayton County, Geor
Latasha Cur

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

MACKENZIE YOUNG,                                   §
                                                   §
          Plaintiff,                               §
                                                   §        **CIVIL ACTION**
vs.                                                §
                                                   §        **FILE NO.: 2022CV00089**
BARLOW TRUCK LINES, INC.,                          §
GEORGE E. HESS, and CHEROKEE                       §
INSURANCE COMPANY,                                 §
                                                   §
          Defendants.                              §
                                                   §

## PURPORTED DEFENDANTS BARLOW TRUCK LINES, INC., GEORGE E. HESS AND CHEROKEE INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **BARLOW TRUCK LINES, INC., GEORGE E. HESS** and

**CHEROKEE INSURANCE COMPANY**, purported Defendants in the above-styled civil

action, appearing specially and without waiving, but specifically reserving all defenses arising

from jurisdiction, service and process, and file this Demand for Trial by a Jury of Twelve

Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12. If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

This 11th day of February, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MACKENZIE YOUNG, | § |
| | § |
| **Plaintiff,** | § |
| | § **CIVIL ACTION** |
| **vs.** | § |
| | § **FILE NO.: 2022CV00089** |
| **BARLOW TRUCK LINES, INC.,** | § |
| **GEORGE E. HESS, and CHEROKEE** | § |
| **INSURANCE COMPANY,** | § |
| | § |
| **Defendants.** | § |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANTS BARLOW TRUCK LINES, INC., GEORGE E. HESS AND CHEROKEE INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record, served a copy of the within and foregoing by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record, or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

<table>
<tr>
<td>Clyde E. Rickard, Esq.<br>Jessica C. Nix, Esq.<br>The Law Office of Rickard, Drew & Nix<br>229 Peachtree Street, N.E., Suite 2420<br>Atlanta, GA  30303<br><i>Counsel for Plaintiff</i></td>
<td>John E. Searcy, Jr., Esq.<br>Gower, Wooten & Darneille, LLC<br>4200 Northside Pkwy. NW, Bldg. 12<br>Atlanta, GA  30327<br><i>jsearcy@gwdlawfirm.com</i><br><i>Counsel for MIC General Insurance Company</i></td>
</tr>
</table>

This 11th day of February, 2022.

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Purported Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00086/PLEADING/03421950.DOCX }